52 F.3d 343
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas TESTA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5036.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 PER CURIAM.
 
 
 1
 Thomas Testa moves "to dispense with service of process." The United States moves for an extension of time to file a response. The United States has filed a response opposing Testa's motion. We treat Testa's reply as a motion for leave to file a reply. We sua sponte consider whether summary affirmance is appropriate.
 
 
 2
 On October 31, 1994, Testa sued the United States in the Court of Federal Claims. On the same day, the Court of Federal Claims dismissed the complaint for lack of jurisdiction. Counsel for the United States, clearly, did not enter an appearance at the Court of Federal Claims. Testa argues that, because counsel never entered an appearance at the Court of Federal Claims, the United States is not involved in this appeal. Testa has submitted a brief to this court and did not serve counsel for the United States.
 
 
 3
 We note that Testa has refused to serve government counsel in other appeals. On September 15, 1994, this court refused to reinstate two of Testa's appeals, nos. 93-5172 and 94-5037, which were dismissed for failure to prosecute. In nos. 93-5172, Testa's brief was rejected for noncompliance with the court's rules. Testa was notified that he must serve the brief on government counsel on four separate occasions. We declined to reinstate the appeals "given his ongoing refusals to serve government counsel" and "disregard for this court's rules." Thus, Testa is well aware of this court's rules concerning service of papers submitted to the court.
 
 
 4
 Because Testa's motion "to dispense with service of process" is without foundation and borders on being frivolous, we deny Testa's motion. Further, should Testa submit documents in the future that do not comply with the court's rule concerning service, Fed.R.App.P. 25(b), in this or any other case, the court will place such documents in the file without any response by the court.
 
 
 5
 Finally, we consider whether summary affirmance of the Court of Federal Claims' October 31, 1994 dismissal order is appropriate. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted.
 
 
 6
 In the October 31, 1994 order, the Court of Federal Claims discussed its limited jurisdiction and Testa's asserted grounds for jurisdiction under the Tucker Act, 42 U.S.C. Sec. 1491, and other statutes. In conclusion, the Court of Federal Claims stated:
 
 
 7
 Upon review of the complaint filed by plaintiff, the court notes that none of the statutes cited by plaintiff as a basis for jurisdiction in this court mandates such a payment of money or could be fairly construed to do so. Plaintiff has, therefore, failed to allege a statutory basis for jurisdiction in this court. Moreover, upon perusal of papers which plaintiff has attempted to file in this court, it appears that the underlying issues for which plaintiff appears to seek relief relate to visitation and custody rights of Mr. Testa's child, a subject area for which this court has no jurisdictional mandate.
 
 
 8
 We have reviewed the papers submitted by Testa with his informal brief, including the complaint that he filed in the Court of Federal Claims. Apparently, Testa seeks money from, inter alia, the Department of Justice, alleging a breach of an alleged duty to intervene or assist Testa in a district court case that Testa previously filed concerning child custody rights. We agree with the Court of Federal Claims that Testa has not asserted any claim that is within the jurisdiction of that court.
 
 
 9
 Accordingly,
 
 
 10
 (1) Testa's motion "to dispense with service of process" is denied.
 
 
 11
 (2) The United States' motion for an extension of time is granted.
 
 
 12
 (3) Testa's motion for leave to file a reply is granted.
 
 
 13
 (4) The Court of Federal Claims' October 31, 1994 order dismissing Testa's complaint is affirmed.